UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LAVERN TURNER, II,

    Petitioner,                              Civil Action. No. 18-cv-10465

v.

                                       HONORABLE MARK A. GOLDSMITH

SHIRLEE HARRY,

    Respondent.
_____/

**<u>OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

    Ronald Lavern Turner, II, ("Petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his <u>pro se</u> application, Petitioner challenges his conviction and sentence for armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b.

    Petitioner filed this petition for writ of habeas corpus on February 5, 2018. In lieu of filing an answer to the petition, on August 15, 2018, Respondent filed a motion to dismiss on the ground that the petition was not timely filed. <u>See</u> Resp't Mot. to Dismiss (Dkt. 7).

    On September 17, 2018, Petitioner filed a response to Respondent's motion. <u>See</u> Pet. Resp. to Mot. (Dkt. 9).

For the reasons stated below, the Court will grant Respondent's motion to dismiss the petition as time-barred. The Court also will decline to issue Petitioner a certificate of appealability and deny Petitioner leave to appeal in forma pauperis.

## I. BACKGROUND

Petitioner pleaded guilty to armed robbery and felony-firearm in the Genesee County Circuit Court on February 3, 2015. Petitioner was sentenced on March 3, 2015 to five to fifteen years in prison on the armed robbery conviction and a consecutive two-year prison sentence on the felony-firearm conviction. Petitioner, by his own admission, did not file a direct appeal from his conviction and sentence.

On December 2, 2016, Petitioner filed a motion for relief from void judgment pursuant to Mich. Ct. R. 2.612(C)(1)(d) with the trial court. The trial judge denied the motion. People v. Turner, No. 14-036308-FC-A (Genesee Cty. Cir .Ct., Dec. 21, 2016). The Michigan appellate courts denied petitioner leave to appeal. People v. Turner, No. 337202 (Mich. Ct. App. June 20, 2017); lv. den. 904 N.W. 2d 855 (Mich. 2018).

Petitioner's habeas application is signed and dated February 5, 2018 and was filed with this Court on February 8, 2018.[1]

## II. ANALYSIS

### A. Legal Standards

Respondent argues in the motion to dismiss that Petitioner's habeas petition should be barred from federal habeas review by the one-year statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on February 5, 2018, the date that it was signed and dated. See Towns v. U.S., 190 F.3d 468, 469 (6th Cir. 1999).

2

time." Harris v. New York, 186 F.3d 243, 250 (2d Cir. 1999); See also Cooey v. Strickland, 479 F.3d 412, 415-416 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. 28 U.S.C. § 2244(d)(1). Petitioner's habeas petition was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing a habeas petition, apply. See Lindh v. Murphy, 521 U.S. 320, 337 (1997).

Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A habeas petition filed outside the time period prescribed by this section must be dismissed. See Isham v. Randle, 226 F.3d 691, 694-695 (6th Cir. 2000), overruled on other grounds, Abela v. Martin, 348 F.3d 164, 172-173 (6th Cir. 2003); see also Lee v. Brunsman, 474 F. App'x. 439, 441 (6th Cir. 2012).

## B. Petitioner's Habeas Petition Is Untimely Under the Statute

This Court at the outset must determine when Petitioner's conviction became "final," for purposes of determining when the limitations period began running. See Williams v. Wilson, 149 F. App'x. 342, 345 (6th Cir. 2005). Under § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. See Wilberger v. Carter, 35 F. App'x. 111, 114 (6th Cir. 2002).

Petitioner was sentenced on March 3, 2015. Petitioner had six months from the date of his sentence pursuant to Mich. Ct. R. 7.205(F)(3) to file a delayed application for leave to appeal. Petitioner never filed a direct appeal from his conviction and sentence; thus, his judgment of sentence became final, within the meaning of § 2244(d)(1)(A), six months after the sentencing, when the time limit for filing a direct appeal in the Michigan Court of Appeals expired pursuant to Mich. Ct. R. 7.205(F)(3). See Williams v. Birkett, 670 F.3d 729, 731 (6th Cir. 2012). Petitioner's conviction thus became final on September 3, 2015. Petitioner had until September 3, 2016 to timely file a petition for writ of habeas corpus with this court, unless the limitations period was somehow tolled.

Petitioner filed a motion for relief from a void judgment pursuant to Mich. Ct. R. 2.612(C)(1)(d) with the trial court on December 2, 2016. This motion did not toll or expand the statute of limitations.

Federal law expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. See 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "properly filed," for purposes of triggering the tolling provisions of § 2244(d)(2), when "its delivery and acceptance are in compliance with the

4

applicable laws and rules governing filings, e.g. requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2001).

Mich. Ct. R. 6.501 states that unless otherwise specified, a judgment of conviction and sentence entered by the circuit or Recorder's court that is not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter, i.e., by the filing of a post-conviction motion for relief from judgment. Mich. Ct. R. 2.612, by contrast, applies to relief from judgment in civil actions, not in criminal proceedings. Petitioner's sole post-conviction remedy to challenge his conviction was to file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500, et. seq. Petitioner's motion for relief from a void judgment filed under Mich. Ct. R. 2.612 was thus not a properly filed post-conviction motion that would toll the limitations period pursuant to 28 U.S.C. § 2244 (d)(2). See Rideaux v. Perry, No. 16-1458, 2017 WL 3404658, at * 1 (6th Cir. Feb. 27, 2017), cert. denied, 138 S. Ct. 126, 199 L. Ed. 2d 78 (2017).

Moreover, assuming that petitioner's motion for relief from void judgment constituted a properly filed post-conviction motion, it would nonetheless not toll the limitations period because it was filed on December 2, 2016, after the one-year limitations period expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. See Jurado v. Burt, 337 F.3d 638, 641 (6th Cir. 2003); see also Hargrove v. Brigano, 300 F.3d 717, 718, n.1 (6th Cir. 2002).

Petitioner claims in his petition that he did not initially appeal his conviction and sentence because he had been originally sentenced in accordance with the plea agreement, which he claims

called for Petitioner's fines, costs, and restitution to be made a condition of his parole and not to be collected while he was still incarcerated. Petitioner claims that upon arriving in prison, he discovered on March 26, 2015 that the Michigan Department of Corrections had begun collecting petitioner's fees, costs, and restitution, in violation of the plea agreement. Petitioner wrote the trial judge in June of 2015 to inform him that there had been a breach of the plea agreement, but never received an answer back from the judge.

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. See Ali v. Tennessee Board of Pardon and Paroles, 431 F.3d 896, 898 (6th Cir. 2005). However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. Redmond v. Jackson, 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows or, through due diligence, could have discovered the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. Id. In addition, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." Redmond, 295 F. Supp. 2d at 771. "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." Id. at 772. Lastly, newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery . . . is

not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." See Jefferson v. U.S., 730 F.3d 537, 547 (6th Cir. 2013) (quoting Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012)).

Petitioner discovered the factual predicate of his breach of plea agreement claim on March 26, 2015, when he learned that the MDOC was beginning to collect fees, costs, and restitution from petitioner prior to his being paroled. See, e.g., Baer v. Dir. California Dep't of Corr., 202 F. App'x. 196, 197–198 (9th Cir. 2006). Petitioner did not file his motion for relief from void judgment until December 2, 2016. Petitioner did not file his petition here until February 5, 2018. Because Petitioner did not file his habeas petition or his motion for relief from judgment in the state court within one year of learning that the MDOC was allegedly violating the terms of his plea agreement, the petition is still untimely, because Petitioner failed to file his petition or his state motion within the one-year limitations period set forth in § 2244(d)(1)(D). See Souter v. Jones, 395 F.3d 577, 587-588 (6th Cir. 2005).

### C. Petitioner Is Not Entitled to Equitable Tolling

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." See Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one-year limitations period. Id.

Petitioner is not entitled to equitable tolling of the one-year limitations period, because he failed to argue that circumstances of his case warranted equitable tolling. See Giles v. Wolfenbarger, 239 F. App'x. 145, 147 (6th Cir. 2007).

The one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in Schlup v. Delo, 513 U.S. 298 (1995). McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" Id. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup, 513 U.S. at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." Id. (quoting Schlup, 513 U.S. at 332). For an actual innocence exception to be credible under Schlup, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. See Ross v. Berghuis, 417 F.3d 552, 556 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is particularly inapplicable, in light of the fact that Petitioner pleaded guilty to the charges that he challenges in this petition. See Reeves v. Cason, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

### D. Petitioner Not Entitled to a Certificate of Appealability

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id.

The Court declines to issue Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. See Grayson v. Grayson, 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal in forma pauperis, because any appeal would be frivolous. See Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

### III. CONCLUSION

The Court concludes that Petitioner failed to file his habeas petition within the applicable statute of limitations period. Accordingly, the Court grants Respondent's motion to dismiss (Dkt. 7) and denies with prejudice Petitioner's request for habeas relief (Dkt. 1). Finally, the Court

declines to issue Petitioner a certificate of appealability and Petitioner is denied leave to appeal in forma pauperis.

    SO ORDERED.

Dated: October 25, 2018                  s/Mark A. Goldsmith
       Detroit, Michigan               MARK A. GOLDSMITH
                                              United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 25, 2018.

                                                                            s/Karri Sandusky
                                                                            Case Manager